J-S05027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MARLA MARIE BRUNO :
:
Appellant : No. 1026 WDA 2017

Appeal from the Judgment of Sentence June 27, 2017
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0001054-2017

BEFORE: OLSON, J., OTT, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.: **FILED MARCH 29, 2018**

Marla Marie Bruno appeals from the judgment of sentence imposed on June 27, 2017, in the Court of Common Pleas of Westmoreland County. The trial court sentenced Bruno to a one-year term of probation, following her guilty plea to possession of a controlled substance, 35 P.S. § 780-113(a)(16).[1] Bruno contends her guilty plea was entered involuntarily, unknowingly and unintelligently. Specifically, she contends trial counsel did not adequately advise her of the elements of the offense to which she was pleading guilty, did not adequately review the facts of the case with her, and failed to

_____

* Retired Senior Judge assigned to the Superior Court.

[1] The trial court also revoked Bruno's parole at Docket No. 2190 C 2013, and ordered her to serve the balance of her maximum sentence, and to be paroled directly to in-patient treatment when a bed became available. **See** N.T., 6/27/2017, at 11.

adequately advise her of the rights that she had as a person who stood accused of a crime, or would give up by pleading guilty to the charge. **See** Bruno's Brief at 10, 13. Based upon the following, we dismiss the appeal without prejudice to Bruno's ability to raise claims of ineffectiveness of counsel in a petition filed pursuant to the Post Conviction Relief Act (PCRA).[2]

On April 18, 2017, the Commonwealth filed an Information, charging Bruno with one count of possession of a controlled substance, specifically, 12 stamp bags of heroin. On June 27, 2017, Bruno entered a negotiated guilty plea to the charge, and the trial court imposed the above-stated sentence. On July 11, 2017, Bruno filed a *pro se* notice of appeal.[3] Thereafter, counsel for Bruno filed a petition to withdraw from representation, which was granted on July 17, 2017. By *per curiam* order of August 25, 2017, this Court directed the trial court to determine whether Bruno was permitted to proceed *in forma pauperis* and entitled to appointment of counsel. This Court further directed if Bruno was entitled to counsel but wished to proceed *pro se*, the trial court should conduct a **Grazier**[4] colloquy. On September 22, 2017, the trial court

---

[2] 42 Pa.C.S. §§ 9541-9546.

[3] We note that in **Commonwealth v. Williams**, 151 A.3d 621 (Pa. Super. 2016), a panel of this Court held that this Court is required to docket and honor *pro se* notices of appeal filed by represented criminal defendants.

[4] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

appointed counsel to represent Bruno on appeal and granted her *in forma pauperis* status. This matter is now ready for our review.[5]

The sole claim raised by Bruno in this direct appeal is an ineffectiveness of counsel claim.[6] Pursuant to **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), ineffective assistance of counsel claims are to be raised in a timely PCRA petition.

In **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), the Pennsylvania Supreme Court reaffirmed its holding in **Grant** that, absent certain limited circumstances, "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." **Id.** at 576. The **Holmes** Court delineated two narrow exceptions to this general rule: (1) in "an extraordinary case where the trial court, in the exercise of its discretion, determines that a claim (or claims) of ineffectiveness is both meritorious and apparent from the record so that immediate consideration and relief is warranted[;]" or (2) where the trial court "in its discretion, and for good cause shown, permit[s] post-verdict review of multiple, and indeed comprehensive, ineffectiveness claims if such

---

[5] The trial court did not order Bruno to file a Pa.R.A.P. 1925(b) statement. The trial court filed its Rule 1925(a) opinion on September 22, 2017.

[6] **See** Bruno's Brief at 12 ("Whenever a defendant alleges ineffectiveness of counsel in connection with a guilty plea, the Court is to apply the 'manifest injustice' standard and determine whether the ineffectiveness caused an involuntary or unknowing plea.") (citation omitted).

review is accompanied by a waiver of PCRA rights[.]" **Id.** at 577, 578 (footnote omitted). Further, we emphasize that as "specifically indicated in **Holmes**, it is within the purview of the trial court's discretion to determine whether review at the post-verdict stage of the ineffectiveness claims is appropriate." **Commonwealth v. Burno**, 94 A.3d 956, 971 (Pa. 2014), *cert. denied*, 135 S. Ct. 1493 (2015).

Here, Bruno's ineffectiveness claim does not meet either **Holmes** exception. As Bruno did not raise her ineffectiveness claim in the trial court, the trial court did not conclude that Bruno's ineffectiveness claim was either "meritorious" or "apparent from the record." **Holmes, supra**, 79 A.3d at 577. Second, the record reveals no waiver of PCRA rights by Bruno. **See id.** at 578. Therefore, we dismiss Bruno's appeal without prejudice to her ability to raise any ineffective assistance of counsel claims she deems appropriate in a PCRA petition. **See Commonwealth v. Stollar,** 84 A.3d 635, 652 (Pa. 2014), *cert. denied*, 134 S. Ct. 1798 (2014) (dismissing appellant's ineffective assistance of counsel claims raised on direct appeal without prejudice to pursuing them on collateral review).

Appeal dismissed without prejudice to Bruno's ability to raise claims in PCRA petition. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:   3/29/2018